UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JGX, INC., ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN HANDLERY, et al.,<br><br>    Defendants. | Case No. 17-cv-00287-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 18] |

Presently before the Court is the motion to dismiss Plaintiff JGX, Inc., Nick Bovis, Bovis Foods, LLC, and SMTM Technology, LLC's (collectively, "Plaintiffs") complaint brought by Defendants Jon Handlery, Handlery Hotels, Sam Singer, and Singer Associates, Inc. (collectively, "Defendants"). Mot., ECF 18; Mem. P. & A. ("Mem"), ECF 18-1. Plaintiffs filed an opposition on March 9, 2017. ECF 20.[1] Defendants filed a reply on March 16, 2017. ECF 22. The Court heard oral argument on Defendants' motion on August 10, 2017. The Court has considered the parties' briefing and oral argument presented at the hearing. For the reasons stated on the record and below, the Court GRANTS the motion with leave to amend.

---

[1] Plaintiffs also filed a request for judicial notice requesting the Court to take judicial notice of the stipulation and order barring Defendants' use of the trademark during the pendency of the action. ECF 21. The stipulation and order is filed in this case at ECF 16. Judicial notice of the stipulation and order is appropriate because it is a document publicly filed with this Court. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record).

1    This case involves a dispute over the intellectual property rights to the San Francisco
2    landmark "LEFTY O'DOUL'S." Plaintiffs allege ownership of the mark and bring claims against
3    Defendants for trademark infringement, dilution, and unfair competition in connection with
4    Defendants' alleged "actual and intended" unauthorized use of the mark. Compl. ¶¶ 65, 69, ECF 1.
5    Defendants argue that the complaint fails to state a claim for relief because Plaintiffs have failed to
6    allege any actionable "use" of the marks at issue by Defendants. *See generally* Mem. Defendants
7    further argue that the complaint lacks factual allegations to support claims against defendants Jon
8    Handlery, Sam Singer, and Singer Associates, Inc. in their individual capacities. *Id.*

9    The Court finds that the complaint fails to adequately allege actionable "use" of the
10   "LEFTY O'DOUL'S" mark by any of the Defendants. The parties do not dispute that all of
11   Plaintiffs' trademark claims are subject to a "commercial use" requirement. *See, e.g., Bosley Med.*
12   *Inst., Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005) ("The Supreme Court has made it clear
13   that trademark infringement law prevents only unauthorized uses of a trademark in connection
14   with a commercial transaction in which the trademark is being used to confuse potential
15   consumers.") In the complaint, Plaintiffs rely on statements made by Handlery Hotels and its
16   agents in order to allege use of the mark by Defendants. Compl. ¶¶ 10, 11, 12, 45. As alleged, the
17   statements in the complaint demonstrate the belief held by Handlery Hotels that the "LEFTY
18   O'DOUL'S" mark belongs to the Handlery family. However, the statements alone do not create
19   the plausible inference that Defendants actually, or imminently will, use the mark in commerce.
20   *See Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th
21   Cir. 2015) (affirming the district court's dismissal of the complaint because plaintiff did not allege
22   "actual or imminent infringement.") (quoting *Swedlow, Inc. v. Rohm & Haas Co.*, 455 F.2d 884,
23   886 (9th Cir. 1972)).

24   For these reasons and the reasons stated on the record, the Court finds that the complaint
25   fails to allege facts to support a plausible basis for Defendants' actual or imminent use of the
26   mark. Plaintiffs' trademark claims are therefore DISMISSED WITH LEAVE TO AMEND.
27   Moreover, Plaintiffs' failure to allege trademark violations requires that the unfair competition
28   claim under § 17200 of California's Unfair Competition Law ("UCL") also be DISMISSED

2

WITH LEAVE TO AMEND. Although § 17200 liability can be premised on trademark violations, *see Cleary v. News Corp.,* 30 F.3d 1255, 1263 (9th Cir.1994), the claim cannot stand independently of a trademark violation or other unlawful act. *See Name.Space*, 795 F.3d at 1134. In any event, unfair competition liability itself requires a "misleading or deceptive use." *Los Defensores, Inc. v. Gomez*, 223 Cal. App. 4th 377, 394, 166 Cal. Rptr. 3d 899, 913 (2014).

The Court also agrees with Defendants that the complaint fails to allege facts supporting any claims against defendants Jon Handlery, Sam Singer, and Singer Associates, Inc. Plaintiffs argue that the complaint sufficiently alleges that the defendants "and each of them" used Sam Singer as the "mouthpiece" to communicate their trademark infringement, dilution, and unfair business practices. Opp'n 2. The complaint must adequately notify all Defendants of the claims against them and the acts that expose them to liability. The Court finds that the allegations in the complaint are insufficient to satisfy Federal Rule of Civil Procedure 8(a) notice pleading as to Jon Handlery, Sam Singer, and Singer Associates, Inc. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As such, an amended complaint would need to allege facts regarding the misconduct of Jon Handlery, Sam Singer, and Singer Associates, Inc. attributable to them in their individual capacities rather than in their capacities as representatives of Handlery Hotels.

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court notes that Plaintiffs raised relevant allegations in their opposition that are not included in the complaint. For example, Plaintiffs contend that Defendants used a sign bearing the "LEFTY O'DOUL'S" mark after the expiration of Plaintiffs' lease. Opp'n 8. Further, Plaintiffs state that they lost licensing and franchising deals and were unable to lease a new space for the "LEFTY O'DOUL'S" restaurant. Opp'n 2. Although the Court does not

consider these allegations in the instant motion to dismiss, such additional allegations could bolster Plaintiffs' claims.

Accordingly, the Court GRANTS Defendants' motion to dismiss the complaint with leave to amend the deficiencies articulated above and on the record. Plaintiffs shall file an amended complaint that addresses these deficiencies **on or before September 15, 2017.**

Dated: August 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge