MATTHEW L. SEROR (SBN: 235043)
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: mseror@buchalter.com

DYLAN W. WISEMAN (SBN: 173669)
BRANDON M. CARR (SBN: 280959)
BUCHALTER, A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: 415.227.0900
Fax: 415.227.0770
Email:     dwiseman@buchalter.com;
bcarr@buchalter.com

Attorneys for Defendants JOHN HANDLERY and HANDLERY HOTELS, INC. and Counterclaimant HANDLERY HOTELS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JGX, INC., a California corporation; NICK BOVIS; BOVIS FOODS, LLC; and SMTM TECHNOLOGY, LLC, a limited liability company,<br><br>  Plaintiffs,<br><br>  vs.<br><br>JON HANDLERY; HANDLERY HOTELS, a California corporation; SAM SINGER; and SINGER ASSOCIATES, INC.,<br><br>  Defendants. | Case No. 5:17-cv-00287-BLF<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO ADVANCE THE HEARING DATE ON DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' UNTIMELY ADDITIONS TO THEIR RULE 26 DISCLOSURES OR IN THE ALTERNATIVE TO REOPEN DISCOVERY AND FOR SANCTIONS**<br><br>LOCAL RULE 7-11 MOTION |
| HANDLERY HOTELS, INC., a California corporation,<br><br>  Counterclaimant,<br><br>  vs.<br><br>JGX, INC., a California corporation; and SMTM TECHNOLOGY, LLC, a limited liability company,<br><br>  Cross-Defendants. | |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**MOTION FOR ADMINISTRATIVE RELIEF TO ADVANCE THE HEARING DATE ON DEFENDANTS'
MOTION TO EXCLUDE UNTIMELY ADDITIONS: CASE NO.: CASE NO. 5:17-CV-00287-BLF**

TO THE HONORABLE BETH LABSON FREEMAN, UNITED STATES DISTRICT COURT JUDGE:

Defendants and Counter-Claimants Jon Handley and Handley Hotels, (collectively, "Defendants"), hereby file their **unopposed motion** for administrative relief to advance the hearing date on Defendants' Motion to Exclude Plaintiffs' Untimely Additions to Their Rule 26 Disclosures or in the Alternative to Reopen Discovery and For Sanctions [Dkt. 94] ("Motion to Exclude") from January 16, 2020 to November 21, 2019. Counsel for both parties have stipulated to this hearing date, or as soon thereafter as is convenient for the Court.

As set forth in the Motion to Exclude (Dkt. 94), Plaintiffs JGX, Inc., Nick Bovis, Bovis Foods, LLC and SMTM Technology, LLC (collectively, "Plaintiffs") served their Amended Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(e)(1) on October 11, 2019, almost two and a half years after their initial disclosures, more than two years after their First Amended Complaint, and after discovery closed. These disclosures include, for the first time, eight new witnesses and a new damages theory, for which there has been no fact-finding.

This case is progressing quickly, and the parties cannot stop simply because of Plaintiffs' untimely disclosures. Defendants are scheduled to file their Motion for Summary Judgment on November 4, 2019. Trial is set for April 13, 2020. Advancing the hearing date on the Motion to Exclude is appropriate because the parties cannot wait until January 16, 2020 to find out if Defendants will need to conduct additional depositions and written discovery based on the untimely disclosures. At that point it will be too late to prepare for trial, let alone seek relief through a dispositive motion. As a result, there is good cause to hear the Motion to Exclude as soon as possible.

DATED: October 29, 2019          BUCHALTER
                                 A Professional Corporation

                                 By:    */s/ Dylan W. Wiseman*
                                        MATTHEW L. SEROR
                                        DYLAN W. WISEMAN
                                        BRANDON M. CARR
                                 Attorneys for Defendants JOHN HANDLEY
                                 and HANDLEY HOTELS, INC. and
                                 Counterclaimant HANDLEY HOTELS, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

MOTION FOR ADMINISTRATIVE RELIEF TO ADVANCE THE HEARING DATE ON DEFENDANTS' MOTION TO EXCLUDE UNTIMELY ADDITIONS: CASE NO.: CASE NO. 5:17-CV-00287-BLF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

More than two years after the pleadings were finalized, after discovery closed, and just months before trial, Plaintiffs served Amended Supplemental Disclosures pursuant to Federal Rule of Civil Procedure 26, disclosing for the first time eight new witnesses and a new damages theory. Defendants immediately filed their Motion to Exclude Plaintiffs' Untimely Additions to Their Rule 26 Disclosures or in the Alternative to Reopen Discovery and For Sanctions [Dkt. 94] ("Motion to Exclude"), but were not able to receive a hearing date earlier than January 16, 2020. With this motion, Defendants seek to advance the hearing date of Defendants' motion to an earlier date, ideally on November 21, 2019. If the parties are required to wait until January 16, 2020 for the Motion to Exclude to be decided, it will be too late for the parties to prepare for trial. A decision needs to be made as to whether the untimely witnesses and damage theory should be permitted. As a result, there is good cause for the Court to hear the Motion to Exclude as soon as possible. Plaintiffs' counsel has agreed not to oppose this motion for administrative relief as long as the hearing date for this motion is set three weeks from now.

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs served their Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) (the "Initial Disclosures") on or about May 19, 2017. (Declaration of Matthew L. Seror in Support of Motion to Exclude, Dkt. 94-2 ("Seror Decl.") at ¶ 2, Exh. A.) The Initial Disclosures also set forth two theories of damages, one for alleged lost revenue for third party licensing and franchising deals, and one for Plaintiffs' alleged lost revenue as a result of their inability to finalize a new lease for a LEFTY O'DOUL'S restaurant and bar. (Seror Decl. at ¶ 2, Exh. A.) Defendants conducted substantial written discovery and depositions focusing on the witnesses and damages theories disclosed in the Initial Disclosures. (Seror Decl. at ¶¶ 3-5.)

Fact discovery closed on October 1, 2019, and trial is now set for April 13, 2020. (Dkt. No. 88.) Defendants are scheduled to file their Motion for Summary Judgment on November 4, 2019. (Dkt. No. 86.)

On or about October 2, 2019, Plaintiffs served Plaintiffs' Supplemental Disclosures

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 38109920v1

2

**MOTION FOR ADMINISTRATIVE RELIEF TO ADVANCE THE HEARING DATE ON DEFENDANTS' MOTION TO EXCLUDE UNTIMELY ADDITIONS: CASE NO.: CASE NO. 5:17-CV-00287-BLF**

Pursuant to Federal Rule of Civil Procedure 26(e)(1) (the "First Supplemental Disclosures"). (Seror Decl. at ¶ 6, Exh. B.)  The First Supplemental Disclosures added four additional likely witnesses, but did not alter Plaintiffs' damages theories. (Seror Decl. at ¶ 6, Exh. B.)  These individuals were already known to Defendants, and Defendants had in fact deposed two of them regarding Plaintiffs' damages claims. (Seror Decl. at ¶ 7.)  Defendants also served document and testimony subpoenas on two of the other witnesses and/or their businesses. (Seror Decl. at ¶ 7.)

On October 11, 2019, almost two weeks after the close of discovery, Plaintiffs served the Amended Supplemental Disclosures.  (Seror Decl. at ¶ 8, Exh. C.)  The Amended Supplemental Disclosures disclosed <u>eight</u> additional likely witnesses and a <u>new</u> damages theory for "corrective advertising," based on costs Plaintiffs have allegedly been incurring since 2017.  (Seror Decl. at ¶ 8, Exh. C.)

Prior to service of the Amended Supplemental Disclosures, Defendants had no notice of the newly-disclosed witnesses or damages based on "corrective advertising."  (Seror Decl. at ¶ 9.)  None of the individuals named for the first time on October 11, 2019 have been deposed in this action, and Defendants have propounded no discovery addressing the corrective advertising theory of damages.  (Seror Decl. at ¶ 9.)

Defendants' counsel contacted the Court's clerk to reserve the soonest available hearing date, which was January 16, 2020. (Declaration of Daniel J. Zarchy in Support of Motion for Administrative Relief ("Zarchy Decl.") at ¶ 2.)  Defendants filed their Motion to Exclude on October 25, 2019.  (Dkt. 94.)  Defendants' counsel contacted Plaintiffs' counsel to ask if Plaintiffs were willing to agree to an expedited hearing on the Motion to Exclude, and Plaintiffs' counsel indicated that they were willing to stipulate to a hearing in three weeks, with Plaintiffs' opposition to the Motion to Exclude due by Friday, November 8, 2019.  (Zarchy Decl. at ¶ 3.)  Defendants are willing to accept this arrangement if agreeable to the Court.

### III. THERE IS GOOD CAUSE TO HEAR THE MOTION TO EXCLUDE SOON SO THAT THE PARTIES MAY PREPARE FOR TRIAL

This Court has the authority to alter the hearing dates of motions and generally control its docket. *See*, *e.g.*, *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 38109920v1

3

**MOTION FOR ADMINISTRATIVE RELIEF TO ADVANCE THE HEARING DATE ON DEFENDANTS'
MOTION TO EXCLUDE UNTIMELY ADDITIONS: CASE NO.: CASE NO. 5:17-CV-00287-BLF**

(holding that a trial court may control its own docket); *United States v. Fitch*, 472 F.2d 548, 549 n.5 (9th Cir. 1973) ("Rule 6(d), F.R.Civ.P., allows the district court discretion to shorten time.").

Here, good cause exists to advance the hearing date of the Motion to Exclude because the parties need to know what evidence and damages theories are going to be permitted in trial with enough time to adequately prepare. If the Court denies the Motion to Exclude and the eight additional witnesses and/or new damages theory are permitted, Defendants will need to engage in discovery to understand and vet these belated claims. This will likely take several months, which Defendants do not have.

It is particularly crucial for the parties to know the outcome of the Motion to Exclude on an accelerated basis because Defendants are scheduled to file their Motion for Summary Judgment on November 4, 2019. Defendants' motion seeks summary judgment of Plaintiffs' entire case and would render trial unnecessary for Plaintiffs' causes of action. However, if the Motion to Exclude is denied and the corrective advertising damages theory is allowed to survive, it would dramatically alter the parties disposition and status less than three months before trial. An expedient adjudication of the Motion to Exclude would benefit all parties and dramatically reduce the likely prejudice that Defendants would face as a result of Plaintiffs' untimely surprise.

## IV. CONCLUSION

Because Defendants would be severely prejudiced if the Motion to Exclude is not heard until January 16, 2020, Defendants respectfully request that the Court grant this unopposed motion and advance the hearing date of the Motion to Exclude to November 21, 2019, or as soon thereafter as is reasonably practical for the Court.

DATED:  October 29, 2019                    BUCHALTER
                                             A Professional Corporation


                                             By:      */s/ Dylan W. Wiseman*
                                                   MATTHEW L. SEROR
                                                   DYLAN W. WISEMAN
                                                   BRANDON M. CARR
                                             Attorneys for Defendants JOHN HANDLERY
                                               and HANDLERY HOTELS, INC. and
                                             Counterclaimant HANDLERY HOTELS, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 38109920v1                    4

**MOTION FOR ADMINISTRATIVE RELIEF TO ADVANCE THE HEARING DATE ON DEFENDANTS'
MOTION TO EXCLUDE UNTIMELY ADDITIONS: CASE NO.: CASE NO. 5:17-CV-00287-BLF**