UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JGX, INC., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>JOHN HANDLERY, et al.,<br><br>            Defendants. | Case No.  17-cv-00287-BLF (SVK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 88 |

On October 22, 2019, the Court held a hearing on the Parties' discovery dispute set forth at Dkt. 88. Upon consideration of the Parties' submission and arguments of counsel and for the reasons set forth at the hearing, the Court ORDERS as follows:

1. The participation of former-Defendant Singer in communications between the Handley Defendants and their counsel does not, by itself, preclude the attorney-client privilege or the work-product doctrine. As alleged extensively in the Complaint, Singer was acting as Defendants' agent during the relevant time period prior to the filing of this suit. *See Schaeffer v. Gregory Village Partners*, 78 F. Supp. 3d 1198, 1204 (N.D. Cal. 2015).

2. Plaintiffs' challenge to the Handlery Defendants' privilege log is untimely. The log was served on Plaintiffs in December of 2018 and the challenge to the log was not raised until after the close of discovery in October of 2019.

3. Plaintiffs' challenge to the Singer privilege log as set forth in Dkt. 88 is not per se untimely.

4. As directed at the hearing, Defendants submitted documents that were unique to the Singer privilege log (in that they did not appear on the Handlery log) to the Court for an in-camera review. Dkt. 93. The Court has reviewed these documents and finds that they are covered by either attorney-client privilege or the work-product doctrine EXCEPT for the following

documents which the Court preliminarily finds are NOT protected by either privilege:

- SINGERPRIV0000001-2;
- SINGERPRIV0000003;
- SINGERPRIV0000020-23;
- SINGERPRIV0000024;
- SINGERPRIV0000025;
- SINGERPRIV0000026-28;
- SINGERPRIV0000081-93;
- SINGERPRIV0000123-37;
- SINGERPRIV0000177-80;
- SINGERPRIV0000185-89;
- SINGERPRIV0000190-95;
- SINGERPRIV0000254-59.

5. Defendants have until **November 7, 2019** to either (1) produce these documents to Plaintiffs; or (2) submit a confidential brief to the Court, without service on Plaintiffs, setting forth a factual basis for the claim of privilege for any of the documents listed above.

**SO ORDERED.**

Dated: October 31, 2019

SUSAN VAN KEULEN
United States Magistrate Judge